[921 NYS2d 563]

In the Matter of STEPHEN L. SEGALL (Admitted as STEPHEN LYMAN SEGALL), an Attorney, Resignor.

Second Department, April 26, 2011

**APPEARANCES OF COUNSEL**

*Gary L. Casella,* White Plains (*Forrest Strauss* of counsel), for Grievance Committee for the Ninth Judicial District.

*Scalise & Hamilton,* Scarsdale (*Deborah A. Scalise* of counsel), for resignor.

## OPINION OF THE COURT

Per Curiam.

Stephen L. Segall has submitted an affidavit dated October 12, 2010, wherein he tenders his resignation as an attorney and counselor-at-law (*see* 22 NYCRR 691.9). Mr. Segall was admitted to the bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on July 30, 1986, under the name Stephen Lyman Segall.

Mr. Segall is aware that he is currently the subject of several pending matters under investigation by the Grievance Committee for the Ninth Judicial District (hereinafter the Grievance Committee). He acknowledges that if charges were to be brought in connection with those investigations, he would be unable to successfully defend himself against those charges on the merits.

Mr. Segall avers that his resignation is submitted freely and voluntarily, with a full awareness of the implications of its submission, and that he is not being subjected to any coercion or duress. Mr. Segall is aware that any order issued pursuant to Judiciary Law § 90 (6-a) could be entered as a civil judgment against him. He specifically waives the opportunity afforded him by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

Mr. Segall acknowledges and agrees that, pending issuance of an order accepting the resignation, he will not take on any new clients or accept any retainers for future legal services to be rendered, and that there will be no further transactional activity in his attorney trust account at Citibank, J.P. Morgan Chase, or any other financial institutions, other than for the payment of funds held therein on behalf of clients or other third parties, to those clients or third parties entitled to receive them.

The Grievance Committee recommends that the proffered resignation be accepted in the interests of preserving time and court resources.

Inasmuch as the proffered resignation complies with the requirements of 22 NYCRR 691.9, it is accepted, and, effective immediately, Mr. Segall is disbarred and his name is stricken from the roll of attorneys and counselors-at-law.

PRUDENTI, P.J., MASTRO, RIVERA, SKELOS and ROMAN, JJ., concur.

Ordered that the resignation of Stephen L. Segall, admitted as Stephen Lyman Segall, is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Stephen L. Segall, admitted as Stephen Lyman Segall, is disbarred and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Stephen L. Segall, admitted as Stephen Lyman Segall, shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Stephen L. Segall, admitted as Stephen Lyman Segall, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if Stephen L. Segall, admitted as Stephen Lyman Segall, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the Mr. Segall shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).