[63 NYS3d 522]

In the Matter of Luigi Izzo, an Attorney, Respondent. Grievance Committee for the Ninth Judicial District, Petitioner.

Second Department, November 8, 2017

APPEARANCES OF COUNSEL

*Gary L. Casella*, White Plains (*Forrest Strauss* of counsel), for petitioner.

*Richard M. Maltz*, New York City, for respondent.

### OPINION OF THE COURT

Per Curiam.

The Grievance Committee for the Ninth Judicial District served the respondent with a petition dated March 4, 2016, containing seven charges of professional misconduct. The respondent filed a verified answer dated November 4, 2016. The petitioner and the respondent now move pursuant to 22 NYCRR 1240.8 (a) (5) for discipline by consent, and request the imposition of a public censure. As required by 22 NYCRR 1240.8 (a) (5) (i), the parties have provided a conditional stipulation dated June 6, 2017, which provides, inter alia, as follows:

Stephen Lyman Segall was disbarred by this Court on April 26, 2011, upon his resignation (*see Matter of Segall*, 84 AD3d 159 [2011]). From in or about March 2012 through on or after January 29, 2013, the respondent represented Segall in connection with a felony criminal matter in the County Court, Westchester County. On July 24, 2012, Segall was convicted of grand larceny in the third degree in violation of Penal Law § 155.35. Prior to sentencing, Segall secured a loan from White Pine Holdings, LLC (hereinafter White Pine), in part, to facilitate his payment of restitution in the criminal proceeding, and executed a promissory note on or about October 19, 2012, obligating himself to repay the sum of $62,272.25 plus interest

thereon to White Pine. In support of that loan, on or about October 22, 2012, the respondent executed a lien letter in favor of White Pine, wherein he pledged that his law firm would assign 25% of the net legal fees received from certain personal injury cases directly to White Pine until the Segall debt ($63,272.25) was paid in full. Annexed thereto was a schedule providing information concerning more than 20 of the respondent's personal injury clients, including the name of the client, the date of injury, the insurance carrier, a description of how the claim arose, a description of the client's injuries and their current medical status, as well as the respondent's assessment of the settlement and/or post-verdict dollar value. The respondent neither advised the clients that he would be releasing this information nor sought their permission to do so. Approximately two months later, on or about December 18, 2012, the respondent executed a second lien letter in which he pledged that his law firm would repay White Pine a revised principal amount of $68,272.50. The respondent also granted White Pine a blanket lien on all personal injury matters wherein "Izzo Law, P.C." is the attorney of record.

Thereafter, the respondent met with Jerry Bergson, a principal of White Pine, to discuss issues relating to the debt owed by Segall, the outstanding promissory note Segall had executed, and the two lien letters the respondent had executed. The respondent admits that he should have known or should have inquired whether Bergson was represented by counsel. He also admits that he failed to seek permission from Bergson's lawyer to speak directly with Bergson.

Further, the respondent admits that from in or about March 2008 through November 2015, he informed the Office of Court Administration Attorney Registration Unit (hereinafter OCA) that he had maintained various office addresses in White Plains, Yorktown Heights, and the Bronx. However, the office address listed on both lien letters is not an address provided to OCA.

Based upon the foregoing, the respondent also admits that he violated the following Rules of Professional Conduct (22 NYCRR 1200.0): rule 1.8 (e) by impermissibly advancing and/or guaranteeing financial assistance to a client, other than court costs and expenses of litigation, while representing that client in contemplated or pending litigation; rule 1.6 (a) by knowingly revealing confidential information to a third party that was gained during the representation of one or more clients, and

that was protected by the attorney-client privilege; rule 4.2 (a) by engaging in improper communications with a represented party; rule 8.4 (d) by failing to timely amend his attorney registration information with OCA; and, by virtue of the foregoing misconduct, rule 8.4 (h).

The parties advise that they have considered the respondent's prior letter of caution as an aggravating factor. Further, in mitigation, the respondent would have presented the following factors had this matter progressed to a hearing: that at the time that he sought to help his client by guaranteeing the loan, he had been admitted to practice for approximately four years; that he ultimately became responsible for the loan when Segall failed to honor his obligation; that he has taken steps to address his errors, and to prevent any repetition of same; and that he would have presented character evidence attesting to his honesty and integrity.

As required, the respondent has submitted an affidavit in which he conditionally admits the facts as stipulated, and consents to the agreed discipline of a public censure, which consent is given freely and voluntarily without coercion or duress. Lastly, the respondent states that he is fully aware of the consequences of consenting to such discipline.

Based upon the foregoing, we find that the request for discipline by consent pursuant to 22 NYCRR 1240.8 (a) (5) should be granted, and that a public censure is warranted in view of the respondent's admitted misconduct.

ENG, P.J., MASTRO, RIVERA, DILLON and MALTESE, JJ., concur.

Ordered that the joint motion pursuant to 22 NYCRR 1240.8 (a) (5) for discipline by consent is granted; and it is further,

Ordered that the respondent, Luigi Izzo, is publicly censured for his misconduct.