Per Curiam.
 

 Respondent was admitted to practice by this Court in 2001 and currently lists a business address in Latham, Albany County, with the Office of Court Administration. Following an investigation, petitioner commenced this disciplinary proceeding by petition made returnable October 2017, alleging that respondent was guilty of certain misconduct in violation of the Rules of Professional Conduct stemming from his interference in an attorney’s representation of a child client. The parties now jointly move this Court to censure respondent for his misconduct, upon the parties’ consent.
 

 Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.8 (a) (5) provides that, at any time following the filing of a petition of charges against a respondent, the respondent and an Attorney Grievance Committee may jointly move for the imposition of discipline upon the respondent by consent of the parties. The joint motion must include a stipulation of facts, the respondent’s conditional admission to the acts of professional misconduct and the violation of specific Rules of Professional Conduct or other standards of conduct, the relevant aggravating and/or mitigating factors, including the respondent’s prior disciplinary record, and a recitation of the parties’ agreed-upon disciplinary sanction (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.8 [a] [5] [i]). Further, the joint motion must be accompanied by an affidavit of the respondent acknowledging, in addition to the respondent’s conditional admission of misconduct, his or her freely-given consent to the agreed-upon discipline and his or her awareness of the consequences for doing so (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.8 [a] [5] [ii]).
 

 The parties have properly adhered to the aforementioned procedural requirements and submitted a conforming stipulation and accompanying affidavit. The parties stipulate that respondent’s actions violated Rules of Professional Conduct (22 NYCRR 1200.0) rules 3.4 (c) (fairness to opposing party and counsel), 4.2 (a) (communication with person represented by counsel), 8.4 (d) (engaging in conduct prejudicial to the administration of justice) and 8.4 (h) (engaging in conduct that adversely reflects on the lawyer’s fitness as a lawyer). These violations arose from respondent’s interference with an attorney’s representation of a child in a custodial matter. Respondent’s own client was involved in the aforementioned custodial matter with her then husband in Supreme Court. Subsequently, respondent was retained by his client to represent her in an unrelated civil matter against her then husband. At some point after he was retained, respondent notified the court-ordered attorney for the client’s child (hereinafter the AFC) in the custodial matter that he represented both his client and her child in a civil matter against his client’s husband, and that he would not allow the child to attend a scheduled meeting with the AFC, nor would he allow any further meetings.
 

 The AFC advised Supreme Court of respondent’s communication, and Supreme Court conducted a hearing to determine whether respondent was in contempt of its order concerning the appointment of the AFC. Respondent conceded that he had met with the child despite being aware that she was represented by an attorney and that he had advised the AFC that she could not meet with the child. Supreme Court ultimately found respondent in contempt and ordered him to pay a $5,000 sanction to the Lawyers’ Fund for Client Protection within 60 days. Respondent failed to comply with that order, despite multiple directives by Supreme Court to do so. Supreme Court then determined that respondent had willfully violated its order and imposed an additional $500 sanction along with a 15-day jail sentence. Following his unsuccessful appeal and denial of his motion to stay enforcement before this Court, respondent appeared before Supreme Court and was remanded to county jail, which finally prompted him to discharge the sanctions levied against him.
 

 Petitioner and respondent present no aggravating factors in their joint submission. On the other hand, in mitigation, the parties acknowledge that respondent has no disciplinary history with petitioner or this Court. Further, the parties note that respondent has paid the sanctions as directed by Supreme Court and is no longer in contempt of court. Respondent acknowledges that his interference in the representation of his client’s child was improper. Lastly, respondent acknowledges that he erred in failing to pay his sanctions in a timely manner while pursuing his appeal challenging the merit of those sanctions and regrets his error.
 

 Taking note of the magnitude of respondent’s misconduct, lack of a disciplinary record and his expressed remorse, we find that public censure is an appropriate sanction and consistent with our prior precedent (see Matter of Loigman, 153 AD3d 1091, 1091 [2017]; Matter of Rockmacher, 150 AD3d 1528, 1529 [2017]; Matter of Krzys, 149 AD3d 1244, 1245 [2017]; see also Matter of Izzo, 155 AD3d 109, 111-112 [2017]; Matter of Aviles, 152 AD3d 27, 31 [2017]). Accordingly, in order “to protect the public, maintain the honor and integrity of the profession, or deter others from committing similar misconduct” (Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.8 [b] [2]), we grant the parties’ joint motion, find the misconduct established and censure respondent.
 

 Garry, J.P., Clark, Mulvey, Rumsey and Pritzker, JJ., concur.
 

 Ordered that the joint motion by petitioner and respondent is granted; and it is further ordered that respondent is censured.