Matter of Carey (2018 NY Slip Op 07032)





Matter of Carey


2018 NY Slip Op 07032


Decided on October 18, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.




Decided and Entered: October 18, 2018
[*1]
In the Matter of ROBERT W. CAREY, an Attorney.
 ATTORNEY GRIEVANCE COMMITTEE FOR THE THIRD JUDICIAL DEPARTMENT, Petitioner; ROBERT W. CAREY Respondent. (Attorney Registration No. 2040723)

Calendar Date: September 4, 2018

Before: McCarthy, J.P., Lynch, Clark, Aarons and Pritzker, JJ.


Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Michael G. Gaynor of counsel), for petitioner.
Robert W. Carey, Binghamton, respondent pro se.



MEMORANDUM AND ORDER ON MOTION
Per Curiam.
Respondent was admitted to practice by this Court in 1986 and currently maintains an office for the practice of law in Broome County. Following an investigation, petitioner commenced this disciplinary proceeding by petition made returnable April 2018, alleging that respondent was guilty of certain misconduct in violation of the Rules of Professional Conduct in connection with his unauthorized preparation of certain real property title insurance reports. The parties now jointly move this Court to censure respondent for his misconduct upon the parties' consent.
The parties have submitted a joint motion that includes a stipulation of facts, the relevant aggravating and mitigating factors and the agreed-upon proposed discipline (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.8 [a] [5] [i]). Further, the parties submit an affidavit from respondent in which he conditionally admits the underlying facts, avers that those facts establish that he violated the Rules of Professional Conduct referenced in the joint motion and consents to the agreed-upon discipline, noting his awareness of the consequences for doing so (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.8 [a] [5] [ii]). Accordingly, the parties have satisfied the procedural requirements of Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.8 (a) (5), and our remaining inquiry is whether the agreed-upon sanction is appropriate based upon the underlying misconduct.
The parties stipulate that respondent's conduct violated Rules of Professional Conduct (22 NYCRR 1200.0) rule 8.4 (c) (engaging in conduct involving dishonesty, fraud, deceit or misrepresentation), (d) (engaging in conduct prejudicial to the administration of justice) and (h) (engaging in conduct that adversely reflects on the lawyer's fitness as a lawyer). These violations [*2]stem from respondent's misleading representations regarding his authority to act on behalf of a title insurance company. Specifically, respondent was retained to provide title insurance for several real estate transactions, and did so while falsely representing that he continued to possess agency authority from the title insurance company to do so despite the agency relationship having been terminated several months prior.
In their joint submission, the parties note that respondent's misconduct is aggravated by him knowingly misleading various persons and entities that were relying on his supposed authority to prepare title documents. Moreover, the parties note that an agent for a title insurance company undertakes significant fiduciary duties to both the principal and the insured, further emphasizing the seriousness of respondent's misrepresentations regarding his authority to act in that role. On the other hand, in mitigation, the parties acknowledge that respondent has no disciplinary history with petitioner or this Court. Further, respondent has repaid all portions of any premiums he collected in connection with the subject real estate transactions.
Having considered the severity of respondent's misconduct and his lack of a disciplinary record, we find that public censure is an appropriate sanction and is consistent with our prior precedent (see Matter of Hartwich, 156 AD3d 1317, 1319 [2017]; Matter of Loigman, 153 AD3d 1091, 1091 [2017]; Matter of Schillinger, 116 AD3d 1159, 1160 [2014]; compare Matter of Meagher, 156 AD3d 1218, 1219 [2017]). Accordingly, in order "to protect the public, maintain the honor and integrity of the profession, or deter others from committing similar misconduct" (Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.8 [b] [2]), we grant the parties' joint motion, find the misconduct established and censure respondent.
McCarthy, J.P., Lynch, Clark, Aarons and Pritzker, JJ., concur.
ORDERED that the joint motion by petitioner and respondent is granted; and it is further
ORDERED that respondent is censured.