Matter of Johnson (2021 NY Slip Op 07084)





Matter of Johnson


2021 NY Slip Op 07084


Decided on December 21, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 21, 2021
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Dianne T. Renwick,J.P.,
Barbara R. Kapnick
Ellen Gesmer
Saliann Scarpulla
John R. Higgitt, JJ.


Motion No. 2021-03521 Case No. 2021-03804 

[*1]In the Matter of Jeffrey D. Johnson (Admitted as Jeffrey Dennis Johnson), an Attorney and Counselor-at Law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Jeffrey D. Johnson, (OCA Atty. Reg. No. 2917326) Respondent.



Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the Third Judicial Department on September 22, 1998.




Jorge Dopico, Chief Attorney, Attorney Grievance Committee, New York
(Raymond Vallejo, Esq., of counsel), for petitioner.
Respondent pro se.



Per Curiam


Respondent Jeffrey D. Johnson was admitted to practice law in the State of New York by the Third Judicial Department on September 22, 1998 under the name Jeffrey Dennis Johnson. At all times relevant to this proceeding, respondent maintained a registered business address within the First Judicial Department.
On April 8, 2021, the Board of Professional Responsibility of the Supreme Court of Tennessee publicly censured respondent for making online comments in response to a former client's negative online review of respondent's representation of him, wherein respondent disparaged the client, revealed the nature of the client's underlying litigation, and revealed health and medical information about the client.
The Attorney Grievance Committee (AGC) now seeks an order, pursuant to the Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 and the doctrine of reciprocal discipline, finding that respondent has been disciplined by a foreign jurisdiction, directing him to demonstrate why this Court should not impose discipline in New York based on his discipline in Tennessee or, in the alternative, sanctioning him as this Court deems appropriate. Respondent has not answered the motion.
In a proceeding seeking reciprocal discipline pursuant to 22 NYCRR 1240.13(b), respondent may raise the following defenses: (1) a lack of notice or opportunity to be heard in the foreign jurisdiction constituting a deprivation of due process; (2) an infirmity of proof establishing the misconduct; or (3) that the misconduct for which the attorney was disciplined in the foreign jurisdiction does not constitute misconduct in this State. None of the enumerated defenses to reciprocal discipline applies herein because respondent received adequate due process in the Tennessee proceeding in that he received notice of the charges against him and responded to them in writing; he was advised of his right to seek review of the reviewing board's adverse decision but elected not to do so; the misconduct findings are fully supported by the record; and respondent's misconduct in Tennessee would also constitute misconduct if committed in New York (see Rules of Professional Conduct [22 NYCRR 1200.0] rules 1.6[a]; 1.9[c]).
As to the appropriate sanction, "significant weight should be given to the sanction imposed by the jurisdiction where the misconduct occurred because the foreign jurisdiction has the greatest interest in fashioning sanctions for misconduct" (Matter of Blumenthal, 165 AD3d 85, 86 [1st Dept 2018]; Matter of Jaffe, 78 AD3d 152, 158 [1st Dept 2010]), and only in rare instances will this Court depart from its general rule (Matter of McHallam, 160 AD3d 89, 92 [1st Dept 2018]; Matter of Lowell, 14 AD3d 41 [1st Dept 2004], appeal dismissed 4 NY3d 846 [2005]), lv denied 5 NY3d 708 [2005]).
Public censure, as requested by the AGC, is the appropriate sanction because [*2]it is commensurate with the discipline imposed in Tennessee and is in general accord with precedent involving arguably comparable misconduct (see e.g. Matter of Lanza, 199 AD3d 154 [4th Dept 2021]; Matter of Kurzman, 165 AD3d 48 [2d Dept 2018]; Matter of Izzo, 155 AD3d 109 [2d Dept 2017]).
Accordingly, the AGC's motion should be granted and respondent publicly censured.
All concur.
It is Ordered that the Attorney Grievance Committee's motion for reciprocal discipline pursuant to 22 NYCRR 1240.13, predicated upon similar discipline imposed by the Board of Professional responsibility of the Supreme Court of Tennessee, is granted, and
It is further Ordered that respondent, Jeffrey D. Johnson, (admitted as Jeffrey Dennis Johnson) is hereby publicly censured for his misconduct.
Order filed. December 21, 2021