Matter of Mukambetova (2022 NY Slip Op 02202)





Matter of Mukambetova


2022 NY Slip Op 02202


Decided on March 31, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 31, 2022
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Rolando T. Acosta,P.J.,
Judith J. Gische
Ellen Gesmer
Manuel J. Mendez
Julio Rodriguez III, JJ.


Motion No. 2022-00350 Case No. 2021-02596 

[*1]In the Matter of Asel Mukambetova, an Attorney and Counselor-at-Law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Asel Mukambetova, (OCA Atty. Reg. No. 5667290.) Respondent.



Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on December 10, 2018.




Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York
(Thomas M. Lee, Esq., of counsel), for petitioner.
Thomas J. Foley, Esq., for respondent.



Per Curiam 


Respondent Asel Mukambetova was admitted to the practice of law in the State of New York by the First Judicial Department on December 10, 2018. At all times relevant to this proceeding, she has maintained a registered business address within the First Department.
The parties stipulate that in June of 2019 respondent was retained for $8,800 to represent a client in an immigration removal proceeding, and to file applications for asylum and work authorization. In November of 2019 the client discharged respondent and disputed her demand for unpaid legal fees. In February of 2020 respondent discovered that in November of 2019 her former client posted a negative review of her on a public website, accusing respondent of lying and not performing the promised services. In February 2020, respondent sent an email to the former client in Russian - the language they used to communicate with each other - threatening: (1) to file a lawsuit against the client for not paying legal services and slander; (2) to give ICE and the Immigration Court information that the client illegally worked on repairing trucks and was interested in marriage fraud; and (3) she had all the evidence to have the client arrested and deported. Respondent never followed through on any of the threats. Respondent subsequently challenged and was eventually successful in having the website permanently remove the former client's online negative review.
The former client filed a complaint with the Attorney Grievance Committee (AGC), which filed a petition asserting two disciplinary charges against respondent. The first disciplinary charge alleged that respondent's threats to report the complainant to the immigration authorities implied that respondent's status as an attorney would allow improper influence on immigration authorities to obtain the deportation of the complainant, in violation of rule 8.4(e)(1) of the Rules of Professional Conduct (22 NYCRR 1200.0). The second disciplinary charge alleged that by making the aforesaid threats to the complainant, respondent engaged in "conduct that adversely reflects on her fitness as a lawyer" in violation of rule 8.4(h) of the Rules of Professional Conduct.
Respondent answered the petition admitting some facts, denying both charges and asking for an opportunity to present evidence in mitigation and provide an explanation for her conduct. By an unpublished order dated October 8, 2021, this Court appointed a referee to conduct a hearing, make findings of fact, conclusions of law and recommend an appropriate sanction.
The AGC and respondent, by joint motion, ask this Court pursuant to the Rules for Attorney Disciplinary Matters (22 NYCRR) §1240.8(a)(5) to publicly censure respondent as a sanction for her violation of the rules on the two disciplinary charges. In support of the motion the parties have submitted their joint affirmation, a [*2]stipulation of facts, a psychiatric evaluation report, and as provided for in 22 NYCRR 1240.8(a)(5)(iii), an affidavit from respondent stating that as set forth in the "Respondent's Conditional Admissions," she violated rules 8.4(e)(1) and 8.4(h) of the Rules of Professional Conduct. Respondent's affidavit also states her consent to the agreed upon discipline, that it is voluntarily and freely given, and that she is fully aware of the consequences of consenting to said discipline.
The parties have stipulated to one factor in aggravation, that respondent admitted knowing by virtue of her being an attorney, her threats of legal consequences would have a greater effect on the complainant, her client.
The parties have stipulated to the following factors in mitigation: (1) respondent did not follow through with her threats to report the complainant; (2) respondent was a recently admitted attorney at the time of the misconduct; (3) at the time the email was sent respondent was dealing with very difficult personal issues involving mental health stemming from prolonged domestic abuse which issues clouded her judgment; (4) respondent has no disciplinary history; (5) respondent's misconduct did not adversely impact any client matters; (6) respondent fully cooperated with the AGC's investigation; (7) respondent fully accepted responsibility for her misconduct; and (8) respondent apologized to the complainant by email.
A psychiatric evaluation report submitted in support of mitigation states that at the time respondent sent the threatening emails she was suffering from a severe major depressive disorder and taking prescription medication that heightened her state of anxiety and clouded her judgment. The report also states that respondent's mental condition at the time the email was sent has since been resolved, her symptoms are now fully under control, she can exercise sound judgment, has excellent frustration tolerance, and is able to make sound decisions.
The parties propose public censure as the appropriate sanction for respondent's conduct and we agree (see Matter of Johnson, 202 AD3d 1, 2 [1st Dept 2021]; Matter of Lanza, 199 AD3d 154 [4th Dept 2021], lv dismissed _ NY3d _).
Under the totality of the circumstances, including that respondent has presented multiple factors in mitigation and evidence that she was suffering from a major depressive disorder when she committed the violations, a sanction of public censure is warranted. We see no reason to disturb the sanction to which respondent has consented.
Accordingly, the parties' joint motion for discipline by consent should be granted and respondent publicly censured. The Attorney Grievance Committee's petition of charges should be denied as moot.
All concur.
It is Ordered that the parties' joint motion for discipline by consent, pursuant to 22 NYCRR 1240.8(a)(5), is granted, and respondent, Asel Mukambetova, is hereby publicly censured for her misconduct, and
It is further [*3]ordered that the Attorney Grievance Committee for the First Judicial Department's separately filed petition of charge is denied as moot.
Entered: March 31, 2022