■ In the Matter of MATTHEW J. SWEDICK, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [916 NYS2d 855]—

Per Curiam. Respondent was admitted to practice by this Court in 1998. He maintains an office for the practice of law in Albany County.

On September 23, 2009, following a jury trial in Albany City Court, respondent was convicted of official misconduct, a class A misdemeanor (*see* Penal Law § 195.00 [1]). On December 18, 2009, he was sentenced to one year of incarceration and a $200 surcharge was imposed. He has appealed to County Court and is free on bond.

As charged by petitioner, we find that respondent engaged in illegal conduct that adversely reflected on his honesty, trustworthiness or fitness as a lawyer, was prejudicial to the administration of justice and adversely reflected on his fitness as a lawyer, in violation of former Code of Professional Responsibility DR 1-102 (a) (3), (5) and (7) (22 NYCRR 1200.3 [a] [3], [5], [7]; *see* Rules of Professional Conduct [22 NYCRR 1200.0] rule 8.4 [b],

[d], [h]).* Also, as charged by petitioner, we find that respondent engaged in conflicts of interest in violation of former Code of Professional Responsibility DR 5-101 (a) (22 NYCRR 1200.20; *see* Rules of Professional Conduct [22 NYCRR 1200.0] rule 1.7 [a] [2]; 1.8 [j] [1] [i], [ii]). While serving as Public Defender for a client, respondent engaged in sexual relations with the client, thereby violating the aforesaid provisions of the former Code of Professional Responsibility.

We granted a motion by petitioner for an order declaring that the pleadings raised no factual issues and we have heard respondent in mitigation (*see* 22 NYCRR 806.5).

Under all of the circumstances presented, we conclude that respondent should be suspended from the practice of law for a period of one year.

Mercure, J.P., Spain, Rose, Lahtinen and Garry, JJ., concur. Ordered that respondent is found guilty of the professional misconduct charged in the petition; and it is further ordered that respondent is suspended from the practice of law for a period of one year, effective 20 days from the date of this decision, and until further order of this Court; and it is further ordered that, for the period of suspension, respondent is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto; and it is further ordered that respondent shall comply with the provisions of this Court's rules regulating the conduct of suspended attorneys (*see* 22 NYCRR 806.9).

(February 10, 2011)

---

* The Rules of Professional Conduct went into effect on April 1, 2009; the conduct herein preceded that date, but respondent's conviction occurred after April 1, 2009.