Matter of Sicklinger (2018 NY Slip Op 07528)





Matter of Sicklinger


2018 NY Slip Op 07528


Decided on November 8, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.




Decided and Entered: November 8, 2018
[*1]
In the Matter of TODD CLIFFORD SICKLINGER, an Attorney. 
 
(Attorney Registration No. 2956100)

Calendar Date: October 1, 2018




Before: Garry, P.J., Egan Jr., Devine, Clark and Rumsey, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Anna E. Remet, of counsel), for Attorney Grievance Committee for the Third Judicial Department.



MEMORANDUM AND ORDER
Per Curiam.
Respondent was admitted to practice by this Court in 1999 and currently lists a business address with the Office of Court Administration in Bradley Beach, New Jersey. He was previously admitted to the practice of law in New Jersey in 1998. In 2013, respondent's license to practice law in New Jersey was revoked owing to his failure to pay the required fees to the New Jersey Lawyers' Fund for Client Protection for seven consecutive years (see NJ Court Rule 1:28-2 [c]). Subsequently, by May 2017 order, the Supreme Court of New Jersey suspended respondent for a three-month term based upon his 2010 conviction of the offense of lewdness (see NJSA 2C:14-4 [a]) and lengthy record of inappropriate sexual conduct (Matter of Sicklinger, 228 NJ 525, 159 A3d 371 [2017]). According to that order, respondent's suspension was set to take effect upon his application for readmission from his 2013 revocation, which readmission would be conditioned on respondent submitting proof of his sobriety and fitness to practice law as attested to by a mental health professional. Accordingly, the Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) moves this Court to impose discipline upon respondent pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 and Rules of the Appellate Division, Third Department (22 NYCRR) § 806.13 based upon the discipline imposed in New Jersey. Respondent has not replied to AGC's motion or otherwise submitted any documents in mitigation.
We find that respondent's misconduct in New Jersey would constitute misconduct in this state in violation of Rules of Professional Conduct (22 NYCRR) rule 8.4 (d), which is directly analogous to the rule violation underlying his New Jersey discipline (see generally Matter of Keegan, 95 AD3d 1560, 1560 [2012]; Matter of Swedick, 81 AD3d 1033, 1033-1034 [2011]; Matter of McCallig, 79 AD3d 1360, 1360 [2010]). In any event, respondent has not responded to AGC's motion and, as such, he has waived any of his available defenses (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.13 [b]). Accordingly, we grant AGC's motion and turn to the inquiry of the appropriate discipline to be imposed (see Matter of Ezeala, 163 AD3d 1348, 1349 [2018]).
The sexually-based misconduct underlying respondent's conviction in New Jersey warrants a significant sanction as it "diminishes the public's trust in the legal profession and 'evidenc[es] a disregard of the high standards imposed upon members of the bar'" (Matter of Walter, 160 AD3d 1335, 1337 [2018], quoting Matter of Rothschild, 127 AD3d 178, 180 [2015]; [*2]see also Matter of Swedick, 81 AD3d at 1033-1034; Matter of McCallig, 79 AD3d at 1360). In aggravation of the misconduct resulting in his conviction, we note that respondent's actions were not isolated to a single incident, as the decision of the Disciplinary Review Board in New Jersey outlines a pattern of inappropriate sexual conduct detailing four separate arrests stemming from respondent masturbating in public (see generally Matter of Walter, 160 AD3d at 1336; see also ABA Standards for Imposing Lawyer Sanctions § 9.22 [c]). Further aggravating respondent's misconduct is his failure to advise this Court and AGC of his New Jersey suspension (see Matter of Graham, 164 AD3d 1520, 1521 n [2018]; Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.13 [d]) and his persistent registration delinquency spanning the last four registration periods (see Matter of Brownell, 163 AD3d 1346, 1348 n [2018]). Finally, we note respondent's failure to participate in these proceedings, which is indicative of his lack of interest in his fate as an attorney in this state (see Matter of Ezeala, 163 AD3d 1348, 1349 [2018]). We therefore conclude, upon consideration of all the facts and circumstances presented, and in order to protect the public, maintain the honor and integrity of the profession and deter others from committing similar misconduct, that respondent should be suspended for two years, effective immediately. We further note that any future application for reinstatement in this state must be accompanied by proof that respondent has been reinstated to the practice of law in New Jersey (see Matter of Colby, 156 AD3d 1215, 1216 [2017), and that he is in full satisfaction of the attorney registration requirements applicable in this state (see Judiciary Law § 468-a; Rules of Chief Admin of Cts [22 NYCRR] § 118.1).
Garry, P.J., Egan Jr., Devine, Clark and Rumsey, JJ., concur.
ORDERED that the motion of the Attorney Grievance Committee for the Third Judicial Department is granted; and it is further
ORDERED that respondent is suspended from the practice of Law for a period of two years, effective immediately, and until further order of this Court (see generally Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16); and it is further
ORDERED that, for the period of suspension, respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold himself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of suspended attorneys and shall duly certify to the same in his affidavit of compliance (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15).