Matter of McCarthy (2018 NY Slip Op 08230)





Matter of Mccarthy


2018 NY Slip Op 08230


Decided on November 29, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 29, 2018

[*1]
In the Matter of DANIEL JOHN McCARTHY, an Attorney.
 
 
(Attorney Registration No.2973881)

Calendar Date: September 17, 2018

Before: Garry, P.J., McCarthy, Devine, Clark and Pritzker, JJ.


Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Lauren S. Cousineau of counsel), for Attorney Grievance Committee for the Third Judicial Department.
Mintzer Sarowitz Zeris Ledva & Meyers, LLP, New York City (Peter A. Frucchione of counsel), for respondent.



MEMORANDUM AND ORDER
Per Curiam.
Respondent was admitted to practice by this Court in 1999 and currently lists a Manhattan business address with the Office of Court Administration. Respondent has also been admitted to practice in Pennsylvania since 1984 and, in or about 2006, respondent was admitted to practice in Delaware, pro hac vice, in connection with his representation of a physician in a medical malpractice action in that state.
Respondent's conduct in the Delaware medical malpractice action ultimately gave rise to multiple charges of professional misconduct against respondent in Delaware. In October 2017, following disciplinary proceedings, the Supreme Court of Delaware disbarred respondent in that state upon a finding that respondent had failed to disclose altered medical records in discovery and had failed to disclose fraudulent conduct by his client or correct her false testimony at her deposition and at trial. Respondent was thereafter suspended in Pennsylvania for three years, upon his consent, due to his misconduct in Delaware. The Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) now moves, by order to show cause supported by affidavit of counsel, to impose discipline upon respondent in this state (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.13; Rules of App Div, 3d Dept [22 NYCRR] § 806.13). Respondent opposes the motion by affirmation of counsel, and AGC has submitted a reply with leave of this Court.
We turn, as an initial matter, to the question of whether this case is properly venued within the Third Judicial Department. Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.7 (a) (2) establishes proper venue in attorney disciplinary matters and provides, first, that venue lies "in the Judicial Department encompassing the respondent's registration address on file with the Office of Court Administration" (hereinafter OCA). Where the attorney's registration address is outside of New York, however, venue is set in the Judicial Department where the attorney was admitted to practice (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.7 [a] [2]). The registration address currently on file for respondent [*2]is his law firm's Manhattan office and, thus, venue for this matter is most appropriately set in the First Judicial Department. Although the record suggests that respondent has lived and worked outside of New York in recent years, the rule in question speaks of an attorney's registration address, not his or her actual location. Linking venue to an attorney's registration address — which address is explicitly made available to the public (see Rules of Chief Admin of Cts [22 NYCRR] § 118.2) — not only provides simplicity and predictability to the system for both complainants and the bar, but it also insures that the matter will likely be adjudicated in the jurisdiction with the most substantial contacts with the attorney in question. However, notwithstanding our conclusion that this matter should have been venued in the First Judicial Department in the first instance, we acknowledge that the acts of respondent at issue on this motion have no greater nexus to that Court than they do to this Court. Furthermore, transfer of this matter now, after the motion has been fully pleaded and submitted to this Court for disposition, would be an unnecessary expenditure of judicial and grievance committee resources. We therefore retain the case for disposition on the merits as an exercise of judicial economy (cf. Matter of Reyes v Goord, 20 AD3d 830, 831 n [2005]).
In response to AGC's motion, respondent does not assert any of the defenses available to defeat a finding of misconduct based upon prior discipline in a foreign jurisdiction (see Matter of Loigman, 153 AD3d 1091, 1091 [2017]; Matter of Torchia, 151 AD3d 1369, 1370 [2017]; Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.13 [b]). Such defenses are therefore waived. In any event, it is clear that respondent's misconduct in Delaware would also constitute misconduct in this state. Three of the rule violations found by the Supreme Court of Delaware have direct verbatim analogues under the New York rules (compare Delaware Rules of Professional Conduct, rules 3.3 [b]; 8.4 [c], [d], with Rules of Professional Conduct [22 NYCRR 1200.0] rules 3.3 [b]; 8.4 [c], [d]), and respondent's conduct would additionally be in clear violation of Rules of Professional Conduct (22 NYCRR 1200.0) rule 3.4 (a) (3) and (c).[FN1]
On the issue of the sanction to be imposed for respondent's misconduct, respondent points to his otherwise clean disciplinary history, both here and in Pennsylvania, as militating in favor of a lesser sanction by this Court. As AGC correctly notes, however, respondent is presently subject to an additional disciplinary sanction due to his failure to comply with this state's attorney registration requirements since the 2013-2014 biennial cycle (see Judiciary Law § 468—a [5]; Matter of Hicks, 164 AD3d 1012 [2018]; Rules of Professional Conduct [22 NYCRR 1200.0] rule 8.4 [d]). Moreover, further aggravating respondent's misconduct is his failure to notify this Court and AGC of his disbarment in Delaware and his suspension in Pennsylvania within 30 days of the imposition of either sanction (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.13 [d]). Accordingly, we see no reason for a downward departure from the sanction that has been imposed upon respondent in his home jurisdiction, especially since that sanction is wholly consistent with promulgated standards (see ABA Standards for Imposing Lawyer Sanctions §§ 6.1, 6.11, 6.12). We therefore suspend respondent for a three-year term, with his reinstatement in this state conditioned upon his reinstatement in Pennsylvania and his full compliance with this state's attorney registration requirements (see Matter of Sicklinger, ___ AD3d ___, 2018 NY Slip Op 07528 [2018]), in order to protect the public, maintain the honor and integrity of the profession and to deter others from committing similar misconduct.
Garry, P.J., McCarthy, Devine, Clark and Pritzker, JJ., concur.
ORDERED that the motion of the Attorney Grievance
Committee for the Third Judicial Department is granted;
and it is further
ORDERED that respondent is suspended from the practice of law for a period of three years, effective immediately, and until further order of this Court (see generally Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16); and it is further
ORDERED that, for the period of suspension, respondent is commanded to desist and refrain from the practice of law in any form, in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold himself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall comply with the provisions
of the Rules for Attorney Disciplinary Matters regulating the
conduct of suspended attorneys and shall duly certify to the
same in his affidavit of compliance (see Rules for Attorney
Disciplinary Matters [22 NYCRR] § 1240.15).



Footnotes

Footnote 1: It is noted, however, that Delaware Rules of Professional Conduct, rule 4.1 (b) has no direct counterpart under the New York rules. The Delaware provision prohibits a lawyer from "fail[ing] to disclose a material fact when disclosure is necessary to avoid assisting a criminal or fraudulent act by a client, unless disclosure is prohibited by [the duty of confidentiality]" (compare Rules of Professional Conduct [22 NYCRR 1200.0] rule 4.1; see generally Rules of Professional Conduct, rule 1.6 [b] [2]).