[810 NYS2d 75]

In the Matter of EDMUND D. KAHN, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, March 2, 2006

APPEARANCES OF COUNSEL

*Thomas J. Cahill, Chief Counsel, Departmental Disciplinary Committee,* New York City (*Angela Christmas* of counsel), for petitioner.

*Edmund D. Kahn,* respondent pro se.

## OPINION OF THE COURT

Per Curiam.

Respondent Edmund D. Kahn was admitted to the practice of law in the State of New York by the First Judicial Department on December 12, 1966. Respondent was also admitted to the practice of law in Arizona in 1968.

The Departmental Disciplinary Committee seeks an order pursuant to 22 NYCRR 603.3 imposing reciprocal discipline upon respondent. Specifically, the Committee contends that the misconduct that gave rise to respondent's discipline in Arizona, namely, engaging in the unauthorized practice of law while under suspension for failure to pay mandatory membership dues (resulting in a 30-day suspension), also constitutes misconduct in this jurisdiction.

On October 19, 2001, by order of suspension issued by the State Bar of Arizona, respondent was suspended from the practice of law for nonpayment of Arizona State Bar dues. Respondent eventually paid his dues and was reinstated on June 25, 2002.

On January 5, 2004, a complaint was filed with the Arizona State Bar charging respondent with practicing law with a suspended license between October 19, 2001 and June 25, 2002. These allegations were sustained by a Hearing Officer after a hearing at which respondent testified. During his testimony, he admitted that he represented clients for compensation during this period. Respondent appealed the findings to the Disciplinary Commission of the Supreme Court of Arizona. On November 15, 2004, the Commission confirmed the Hearing Officer's report in its entirety. Respondent petitioned the Arizona Supreme Court to review the Commission's report. By judgment and order dated March 23, 2005, the Arizona Supreme Court denied respondent's petition, suspended respondent for 30 days, and directed respondent to notify his clients within 10 days of his inability to represent them. This order forms the basis of the Committee's motion for reciprocal discipline.

During the Committee's investigation of this matter, it reviewed the records of New York State's Office of Court Administration. Those records revealed that, although respondent was registered, his dues had been waived since 1994 as he indicated on his registration forms that he was "retired" from the practice of law. However, an attorney who advises OCA that he is "retired" certifies that he is not practicing law in New York "or elsewhere" (see Rules of Chief Admin of Cts [22 NYCRR] § 118.1 [g]). Since respondent admittedly had been practicing law in Arizona during this period of time, he should have "resigned" from the practice of law in New York and not certify he was retired.

By unpublished order entered October 21, 2005, we held the reciprocal discipline petition in abeyance pending further investigation by the Committee on the issue of whether respondent engaged in the practice of law in the State of Arizona while asserting his status as a retired attorney in the State of New York.

The Committee confirmed that since 1994 respondent claimed on his attorney registration filings with OCA that he was "retired" from the practice of law and his registration fees were therefore waived. By letter dated November 1, 2005, respondent advised the Committee that he has been actively practicing law in Arizona for compensation since 1994, and received a fee for one of the three legal matters he worked on during his suspension in Arizona. Respondent also advised the Committee that he never practiced law in New York and his claim of "retired" status in New York was based upon his "understanding that no registration fee was required" since he did not practice and does not intend to practice in New York.

The requirement for attorney registration and payment of the requisite registration is governed by 22 NYCRR 118.1. Subdivision (g) provides in relevant part: "For purposes of this section, the practice of law shall mean the giving of legal advice or counsel to, or providing legal representation for, a particular body or individual . . . in the State of New York or elsewhere. . . . An attorney is 'retired' from the practice of law when, other than the performance of legal services without compensation, he or she does not practice law in any respect and does not intend ever to engage in acts that constitute the practice of law."

Respondent admits that he continually engaged in the practice of law in Arizona during the entire period he claimed he was

"retired" in New York. We agree with the Committee that by improperly asserting his status as a "retired" attorney and failing to pay his registration fees in New York since 1994, while practicing law in Arizona for compensation, respondent has failed to comply with Judiciary Law § 468-a.

The Committee has presented clear, uncontested evidence of respondent's professional misconduct. With respect to the issue of reciprocal discipline, practicing law while under suspension constitutes misconduct in this jurisdiction. Although respondent was suspended for 30 days in Arizona, for practical reasons, we have been reluctant to impose one-month suspensions and instead have imposed public censure (*see Matter of O'Toole*, 12 AD3d 1 [2004]).

Accordingly, the Committee's motion pursuant to 22 NYCRR 603.3 should be granted and respondent publicly censured. Furthermore, given respondent's violation of 22 NYCRR 118.1 (g), respondent should be suspended from the practice of law pursuant to Judiciary Law § 468-a, until payment of biennial fees from 1994 to the present and further order of this Court.

ANDRIAS, J.P., MARLOW, GONZALEZ, SWEENY and CATTERSON, JJ., concur.

Respondent suspended from the practice of law in the State of New York pursuant to Judiciary Law § 468-a, effective the date hereof and until further order of this Court. Respondent also publicly censured, as indicated.