*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:    September 24, 2015                D-64-15
_____

In the Matter of GAIL E.
    LASER, an Attorney                MEMORANDUM AND ORDER
                                            ON MOTION
(Attorney Registration No. 2206043)
_____


Calendar Date:   September 9, 2015

Before:  Lahtinen, J.P., McCarthy, Devine and Clark, JJ.

                        _____


        Monica A. Duffy, Committee on Professional Standards,
Albany (Alison M. Coan of counsel), for Committee on Professional
Standards.

        Hilder McCosh P.C., Park City, Utah (Robert K. Hilder
admitted pro hac vice), for Gail E. Laser.

                        _____


Per Curiam.

        Gail E. Laser was admitted to practice by this Court in
1984.  She was also admitted to practice in Utah in 2003, where
she maintains an office for the practice of law.

        By order dated October 29, 2012, the Ethics and Discipline
Committee of the Supreme Court of Utah ruled that Laser was
guilty of disrespecting the rights of third persons, violating
disciplinary rules through the acts of another and engaging in
conduct prejudicial to the administration of justice in violation
of Utah Rules of Professional Conduct rules 4.4 and 8.4 (a) and
(d).  This ruling was premised upon, among other things, Laser's
negligent conduct in instructing her employee — who had access to
another law firm's computer — to acquire information and obtain
evidence from that firm's computer file regarding an opposing
party in a lawsuit.  As a sanction, Laser was issued a public

reprimand.  Although Laser filed an appeal of that order with the Utah Supreme Court, she voluntarily withdrew that appeal prior to oral argument.  Further, Laser admits that she failed to file with this Court a copy of the Utah disciplinary order within 30 days as required by Rules of the Appellate Division, Third Department (22 NYCRR) § 806.19 (b).

Subsequently, by motion returnable June 15, 2015, the Committee on Professional Standards moved pursuant to Rules of the Appellate Division, Third Department (22 NYCRR) § 806.19 for an order imposing discipline upon Laser by reason of the discipline imposed in Utah.  Laser thereafter submitted a response to the Committee's motion in which she, among other things, raised the defense that she did not receive due process in the Utah disciplinary proceedings against her (see Rules of App Div, 3d Dept [22 NYCRR] § 806.19 [d] [1]).  At Laser's request, we have heard her arguments in opposition to the Committee's motion.

Upon consideration of the facts, circumstances and record before us, we conclude that Laser has not demonstrated that she was deprived of due process in the Utah disciplinary proceedings. While it is true that the Utah Supreme Court recently expressed concerns about certain of the Utah procedures which, among other things, can result in an attorney being required to defend against charges in the later stages of the disciplinary process that were not fully set forth in the initial notice of informal complaint, we note that the Court only referred the issue to its rules committee and did not strike the rules down on due process grounds (see Johnson v Office of Professional Conduct (775 Utah Adv Rep 15, ___, 342 P3d 280, 287-288 [2014]).  Notably, the proof herein establishes that Laser — who was represented by counsel — was aware throughout the proceedings of the conduct for which discipline was sought and, significantly, she does not argue that she was deprived of an opportunity to present evidence in her defense.  In any event, inasmuch as Laser concedes that she deliberately chose to accept the discipline in Utah rather than pursue her appeal rights, we find Laser's due process claims to be unpersuasive.

Turning to the appropriate discipline to be imposed, upon

consideration of all the facts and circumstances, including the discipline imposed in Utah, we hold that Laser should be censured in this state (see e.g. Matter of Dimmer, 112 AD3d 1137, 1138 [2013]; Matter of Vega, 106 AD3d 1188, 1188 [2013]; Matter of Ladler, 40 AD3d 1205, 1206 [2007]; Matter of Welshman, 32 AD3d 1150 [2006]).

Lahtinen, J.P., McCarthy, Devine and Clark, JJ., concur.


ORDERED that the motion of the Committee on Professional Standards is granted; and it is further

ORDERED that Gail E. Laser is censured.



ENTER:

Robert D. Mayberger
Clerk of the Court