■ In the Matter of VITO TORCHIA, JR., an Attorney. [57 NYS3d 244]—

Per Curiam. Respondent was admitted to practice by this Court in 2008 and lists a business address in Los Angeles, California with the Office of Court Administration. He is also admitted to practice in Florida and, formerly, was admitted in California.

In April 2016, respondent was disbarred by the Supreme Court of California, upon his default, due to misconduct arising from his representation of several clients in litigation against their mortgage lenders. As a result of the discipline imposed in California, the Supreme Court of Florida thereafter suspended respondent from the practice of law for a period of three years (*see Florida Bar v Torchia*, 2017 WL 57853, 2017 Fla LEXIS 37 [Sup Ct 2017]). The Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) now moves to impose discipline upon respondent by reason of the discipline imposed in California and Florida. Respondent opposes AGC's motion on the grounds that he was deprived of due process in his California disciplinary proceeding and that there was an infirmity of proof establishing his misconduct in California (*see* Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.13 [b] [1], [2]), to which defenses AGC has replied with leave of the Court (*see* Rules of App Div, 3d Dept [22 NYCRR] § 806.13 [c]).

Upon consideration of the facts, circumstances and record before us, we conclude that respondent has failed to establish any of the available defenses to the imposition of discipline in this state (*see* Rules for Attorney Disciplinary Matters [22

NYCRR] § 1240.13). A review of the disciplinary proceedings in California establishes that respondent was properly served with the disciplinary charges against him, and he filed an answer to the subject charges and later attended a status conference before the California State Bar Court wherein a disciplinary trial was calendared. Respondent was thereafter served with a status conference order memorializing the subject trial date. When respondent subsequently failed to appear for the trial, a default order was validly entered against him. The California State Bar Court then served respondent with a copy of the default order, wherein it was specifically noted that, in order for him to participate in further disciplinary proceedings and avoid his subsequent disbarment, he was required to timely move to set aside his default. Despite receiving notice of the default order, respondent failed to timely move to set aside his default. Accordingly, we find without merit respondent's contention that he was denied a fair and reasonable opportunity to be heard in response to the California disciplinary charges. Moreover, we agree with the Supreme Court of California and the Supreme Court of Florida that, as a result of respondent's default, the allegations of professional misconduct detailed in the notices of discipline filed by the State Bar of California were deemed to be established (see Matter of Vega, 147 AD3d 1196, 1197 [2017]; Matter of Courtney, 123 AD3d 1418, 1418 [2014]). Accordingly, we grant AGC's motion.

Turning to the appropriate discipline to be imposed, we are mindful of respondent's substance abuse issues, and we note the affirmative steps that he has taken to address same, as well as the numerous character letters that were submitted on his behalf. Notwithstanding, upon consideration of all the facts and circumstances, including the discipline imposed in California and Florida, the seriousness of the professional misconduct in which he engaged and the fact that, to date, respondent has yet to make restitution to the clients that were directly harmed by his actions, we hold that, in order to protect the public, maintain the honor and integrity of the profession and deter others from committing similar misconduct, respondent should be disbarred in this state (see generally Matter of Vega, 147 AD3d at 1197-1198; Matter of Hock Loon Yong, 130 AD3d 1428, 1429 [2015]; Matter of Karnazes, 128 AD3d 1169, 1169 [2015]).

Peters, P.J., Devine, Clark, Mulvey and Aarons, JJ., concur. Ordered that the motion of the Attorney Grievance Committee for the Third Judicial Department is granted; and it is further ordered that respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law of the State of

New York, effective immediately; and it is further ordered that, effective immediately, respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold himself out in any way as an attorney and counselor-at-law in this State; and it is further ordered that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of disbarred attorneys (*see* Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15).