■ In the Matter of JAMES ROBERT CARROLL JR., an Attorney. [56 NYS3d 480]—

Per Curiam. Respondent was admitted to the practice of law in this state in 2001. He was previously admitted to practice in Pennsylvania in 1995, where he currently lists a business address with the Office of Court Administration.

By order filed January 3, 2017, the Supreme Court of Pennsylvania disbarred respondent upon consent following respondent's issuance of a resignation statement in lieu of discipline pursuant to Rule 215 of the Pennsylvania Rules of Disciplinary Enforcement. By reason of the discipline imposed upon respondent in Pennsylvania, the Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) now moves, by order to show cause returnable June 26, 2017, for an order imposing discipline upon respondent in this state. Respondent has not replied or otherwise responded to AGC's motion or raised any of the available defenses (*see* Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.13 [b]); therefore, we grant the motion (*see Matter of Halbfish*, 78 AD3d 1320, 1321 [2010]).

Turning to the issue of the appropriate disciplinary sanction, we take note that respondent's Pennsylvania resignation upon consent was tantamount to a disciplinary resignation in this state (*see* Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.10). Accordingly, upon consideration of all the facts and circumstances, we hold that, in order to protect the public, maintain the honor and integrity of the profession and deter others from committing similar misconduct, respondent should be disbarred in this state (*see Matter of Torchia*, 151 AD3d 1369 [2017]; *Matter of Vega*, 147 AD3d 1196 [2017]).

Peters, P.J., Lynch, Devine, Aarons and Pritzker, JJ., concur.
Ordered that the motion of the Attorney Grievance Committee for the Third Judicial Department is granted; and it is further ordered that respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law of the State of New York, effective immediately; and it is further ordered that, effective immediately, respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold himself out in any way as an attorney and counselor-at-law in this State; and it is further

ordered that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of disbarred attorneys (*see* Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15).