■ In the Matter of LARRY SCOTT LOIGMAN, an Attorney. [57 NYS3d 442]—

Per Curiam. Respondent was admitted to practice in this state in 1990. He was previously admitted in New Jersey in 1977, where he presently maintains an office for the practice of law.

By March 9, 2016 order, respondent was issued a public reprimand by the Supreme Court of New Jersey based upon its findings that respondent commenced frivolous litigation and engaged in conduct prejudicial to the administration of justice with respect to his representation of a client (*Matter of Loigman*, 224 NJ 271, 131 A3d 957 [2016]). Respondent thereafter failed to notify this Court and the Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) within 30 days following the imposition of the sanction in New Jersey as required by Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 (d). Now, by reason of the discipline imposed upon respondent in New Jersey, AGC moves, by order to show cause returnable June 26, 2017, for an order imposing discipline upon respondent in this state. Respondent opposes AGC's motion and contends that he was deprived of due process in the New Jersey disciplinary proceedings, that there was an infirmity of proof establishing the misconduct in New Jersey and that the misconduct for which he was disciplined in New Jersey does not constitute misconduct in this state (*see* Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.13 [b] [1]-[3]), to which opposition AGC has replied.

Upon consideration of the facts, circumstances and documentation before us, we conclude that respondent has not established any of the available defenses to the imposition of discipline in this state (*see* Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.13). Significantly, respondent failed, among other things, to offer anything other than conclusory allegations of unfairness and lack of due process with respect to the lengthy New Jersey disciplinary proceedings, where he was represented by counsel and had the opportunity to present and cross-examine witnesses (*see e.g. Matter of Torchia*, 151 AD3d 1369 [2017]; *Matter of Vega*, 147 AD3d 1196, 1197 [2017]).

Turning to the issue of the appropriate disciplinary sanction, we take note that respondent's public reprimand in New Jersey was tantamount to a censure in this state. Accordingly, we hold that, in order to protect the public, maintain the honor and integrity of the profession and deter others from committing similar misconduct, respondent should be censured in this state (*see Matter of Laser*, 131 AD3d 1336, 1337 [2015]).

Garry, J.P., Egan Jr., Rose, Mulvey and Rumsey, JJ., concur. Ordered that the motion of the Attorney Grievance Committee for the Third Judicial Department is granted; and it is further ordered that respondent is censured.