Per Curiam.
 

 Respondent was admitted to practice by this Court in 2006, after previously being admitted in Florida in 1996. He lists a business address in Orlando, Florida with the Office of Court Administration.
 

 By judgment entered October 23, 2014, the Supreme Court of Florida, among other things, publicly reprimanded respondent based upon a complaint filed against him by The Florida Bar (Florida Bar v Kaufman, 153 So 3d 910 [Fla 2014]). Respondent executed a document entitled Conditional Guilty Plea for Consent Judgment, wherein he voluntarily admitted that he had failed to properly communicate with clients and had improperly shared legal fees with nonattorneys in violation of Rules Regulating the Florida Bar rules 4-1.4 (b) and 4-5.4 (a) (4). Thereafter, a Referee’s report recommended acceptance of the consent judgment, which was approved by the Supreme Court of Florida.
 

 Respondent thereafter failed to notify this Court and the Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) within 30 days following the imposition of that sanction as required by Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 (d). Now, by order to show cause marked returnable September 11, 2017, AGC seeks to impose discipline upon respondent in New York pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 and Rules of the Appellate Division, Third Department (22 NYCRR) § 806.13, on the basis of the discipline imposed in Florida. Respondent has filed papers in opposition, contending that there was an infirmity of proof establishing the misconduct in Florida and that the misconduct for which he was disciplined in that state does not constitute misconduct in New York (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.13 [b] [2], [3]), to which AGC has replied in opposition.
 

 Upon consideration of the facts, circumstances and documentation before us, we conclude that respondent has not established any of the claimed defenses to the imposition of discipline in this state (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.13). Significantly, respondent failed, among other things, to offer anything other than conclusory arguments in support of his claim that there was an infirmity of proof in Florida, where he voluntarily entered into a consent judgment (see Matter of Carmel, 154 AD3d 72 [2017]). Nor are we persuaded that respondent’s actions in Florida would not constitute professional misconduct in this state (see e.g. Rules of Professional Conduct [22 NYCRR 1200.0] rules 1.4 [b]; 5.4 [a]; 7.2 [a]).
 

 Turning to the issue of the appropriate disciplinary sanction, we take note that respondent’s public reprimand in Florida was tantamount to a censure in this state. Accordingly, we hold that, in order to protect the public, maintain the honor and integrity of the profession and deter others from committing similar misconduct, respondent should be censured in this state (see Matter of Loigman, 153 AD3d 1091 [2017]; Matter of Laser, 131 AD3d 1336, 1337 [2015]).
 

 Garry, J.P., Rose, Mulvey, Aarons and Rumsey, JJ., concur.
 

 Ordered that the motion of the Attorney Grievance Committee for the Third Judicial Department is granted; and it is further ordered that respondent is censured.