Matter of Pavliv (2018 NY Slip Op 07229)





Matter of Pavliv


2018 NY Slip Op 07229


Decided on October 25, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 25, 2018

[*1]
In the Matter of ALEXANDER PAVLIV, an Attorney. No.1834423)

Calendar Date: September 24, 2018

Before: McCarthy, J.P., Lynch, Devine, Aarons and Pritzker, JJ.


Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Anna E. Remet of counsel), for Attorney Grievance Committee for the Third Judicial Department.



MEMORANDUM AND ORDER ON MOTION(Attorney Registration
Per Curiam.
Respondent was admitted to practice by this Court in 1983. He was also admitted that same year in New Jersey, where he currently lists a business address with the Office of Court Administration.
By September 2013 order, respondent was issued a public reprimand by the Supreme Court of New Jersey based upon that Court's findings that respondent failed to disclose a material fact to a tribunal, all while knowing that the tribunal was reasonably certain to have been misled by that omission (Matter of Pavliv, 215 NJ 299 [2013]). Subsequently, by September 2017 order, respondent was again issued a public reprimand by the Supreme Court of New Jersey due to a stipulation of discipline by consent in which it was agreed that respondent improperly calculated a contingent fee and failed to provide a client with an accurate settlement statement in contravention of the applicable recordkeeping requirements (Matter of Pavliv, 230 NJ 459 [2017]). Significantly, respondent failed to notify this Court and the Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) within 30 days following the imposition of these sanctions in New Jersey as required by Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 (d).[FN1]
Now, by reason of the discipline imposed upon respondent in New Jersey, AGC moves, by order to show cause made returnable September 24, 2018, for an order imposing discipline [*2]upon respondent in this state. Respondent has not replied or otherwise responded to AGC's motion or raised any of the available defenses (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.13 [b]); therefore, we grant the motion (see Matter of Tan, 149 AD3d 1344, 1345 [2017]).
Turning to the issue of the appropriate disciplinary
sanction, we take note that the public reprimands
in New Jersey were tantamount to a censure in this
state. Accordingly, we hold that, in order to protect the
public, maintain the honor and integrity of the profession
and deter others from committing similar misconduct,
respondent should be censured in this state (see Matter of Loigman, 153 AD3d 1091, 1092 [2017]; Matter of Laser, 131 AD3d 1336, 1337 [2015]).
McCarthy, J.P., Lynch, Devine, Aarons and Pritzker, JJ., concur.
ORDERED that the motion of the Attorney Grievance
Committee for the Third Judicial Department is granted;
and it is further
ORDERED that respondent is censured.



Footnotes

Footnote 1: AGC also takes issue with respondent having certified, in his 2017-2018 biennial registration statement filed in April 2018, that he is retired from the practice of law since, "upon information and belief," he continues to engage in the practice of law in New Jersey. While such an allegation, if proven, would unquestionably constitute professional misconduct (see Matter of Kahn, 28 AD3d 161 [2006]; Judiciary Law § 468-a; Rules of Chief Admin of Cts [22 NYCRR] § 118.1 [g]), in the absence of any admission by respondent (see Matter of Kahn, 28 AD3d 163-164) or other incontrovertible proof of respondent's continued practice in New Jersey, we cannot use this allegation as the predicate for an additional finding of misconduct. Nevertheless, AGC remains free to investigate the matter further and pursue disciplinary charges as it sees fit.