Matter of McArdle (2018 NY Slip Op 08614)





Matter of Mcardle


2018 NY Slip Op 08614


Decided on December 13, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.




Decided and Entered: December 13, 2018
[*1]
In the Matter of PAUL JOSEPH McARDLE, an Attorney.  
(Attorney Registration No. 4852877)

Calendar Date: October 31, 2018

Before: McCarthy, J.P., Egan Jr., Lynch, Mulvey and

 Pritzker, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Anna E. Remet of counsel), for Attorney Grievance Committee for the Third Judicial Department.
Paul Joseph McArdle, Pittsburgh, Pennsylvania, respondent pro se.



MEMORANDUM AND ORDER
Per Curiam.
Respondent was admitted to practice by this Court in 2010. He currently lists a business address with the Office of Court Administration in Pennsylvania, where he was admitted in 1981.
By November 2016 order, the Supreme Court of Pennsylvania
suspended respondent for one year and one day due to a determination that he had engaged in a series of frivolous and repetitious lawsuits within that state in violation of three separate provisions of the Pennsylvania Rules of Professional Conduct. The US District Court for the Western District of Pennsylvania thereafter imposed an identical sanction upon respondent based upon that same misconduct. Now, by order to show cause, the Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) moves to impose discipline upon respondent in New York due to the findings of misconduct in Pennsylvania (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.13; Rules of the App Div, 3d Dept [22 NYCRR] § 806.13). Respondent opposes AGC's motion, arguing in broad terms that he was deprived of due process in the Pennsylvania disciplinary proceedings and that there was an infirmity of proof establishing his misconduct in that state (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.13 [b] [1], [2]). AGC has replied with leave of the Court.
 Upon consideration of the facts, circumstances and documentation before us, we conclude that respondent has not established any of the available defenses to the imposition of discipline in this state (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.13). Significantly, respondent failed to, among other things, offer anything other than conclusory allegations of unfairness and lack of due process with respect to the lengthy Pennsylvania disciplinary proceedings (see e.g. Matter of Loigman, 153 AD3d 1091, 1092 [2017]; Matter of Torchia, 151 AD3d 1369 [2017], lv denied 30 NY3d 911 [2018]; Matter of Vega, 147 AD3d 1196, 1197 [2017]). We are likewise not persuaded that the Pennsylvania disciplinary authorities presented insufficient evidence of his misconduct in that state. To the contrary, the Pennsylvania determination is supported by detailed findings establishing respondent's misconduct, and respondent has exhausted all available avenues of appeal. Accordingly, we find respondent's misconduct established, and we grant AGC's motion (see Matter of Torchia, 151 AD3d at 1370).
Turning to the issue of the appropriate disciplinary sanction, we are mindful of respondent's persistent refusal to acknowledge the impropriety of his conduct and insistence that the actions of the Pennsylvania courts and disciplinary authorities were prompted by corrupt motives (see e.g. Matter of Davey, 111 AD3d 207 [2013]). Accordingly, taking note of the discipline imposed in Pennsylvania, we conclude, upon consideration of all the facts and circumstances presented and in order to protect the public, maintain the honor and integrity of the profession and deter others from committing similar misconduct, that respondent should be suspended from the practice of law in this state for one year, effective immediately. Finally, we note that any future application for reinstatement in this state must be accompanied by proof that respondent has been reinstated to the practice of law in Pennsylvania (see Matter of Aquia, 153 AD3d 1082, 1083 [2017]).
McCarthy, J.P., Egan Jr., Lynch, Mulvey and Pritzker, JJ., concur.
ORDERED that the motion of the Attorney Grievance Committee for the Third Judicial Department is granted; and it is further
ORDERED that respondent is suspended from the practice of law for one year, effective immediately, and until further order of this Court (see generally Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16); and it is further
ORDERED that, for the period of suspension, respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold himself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of suspended attorneys and shall duly certify to the same in his affidavit of compliance (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15).