Matter of Attorneys in Violation of Judiciary Law § 468-a (Samson) (2019 NY Slip Op 07841)

Matter of Attorneys in Violation of Judiciary Law 468-a (Samson)

2019 NY Slip Op 07841

Decided on October 31, 2019

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 31, 2019

PM-184-19

[*1]In the Matter of Attorneys in Violation of Judiciary Law § 468-a. Committee on Professional Standards, Now Known as Attorney Grievance Committee for the Third Judicial Department, Petitioner; Edward Stringer Samson, Respondent. (Attorney Registration No. 2280360.)

Calendar Date: October 7, 2019

Before: Garry, P.J., Egan Jr., Clark, Aarons and Pritzker, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany, for petitioner.
Edward Stringer Samson, Weston, Connecticut, respondent pro se.

Per Curiam.
Respondent was admitted to practice in New York by this Court in 1989 and presently lists a business address in Green Farms, Connecticut with the Office of Court Administration. By January 2014 order, this Court suspended respondent indefinitely for conduct prejudicial to the administration of justice arising from his noncompliance with the attorney registration requirements of Judiciary Law § 468-a and Rules of the Chief Administrator of the Courts (22 NYCRR) § 118.1 since the 2005-2006 biennial period (Matter of Attorneys in Violation of Judiciary Law § 468-a, 113 AD3d 1020, 1050 [2014]; see Judiciary Law § 468-a [5]; Rules of Professional Conduct [22 NYCRR 1200.0] rule 8.4 [d]). In December 2018, respondent moved for his reinstatement, and we referred the application to the Committee on Character and Fitness for hearing and report. Following a July 2019 hearing, the Character and Fitness subcommittee has issued a report recommending by a 2 to 1 vote that respondent's application be granted, and respondent has submitted a response to that report.[FN1]
In addition to satisfying certain procedural requirements, every attorney seeking reinstatement from disbarment or suspension, regardless of its length, must demonstrate, "by clear and convincing evidence, (1) that he or she has complied with the order of suspension/disbarment and the applicable rules of the Court, (2) that he or she possesses the requisite character and fitness for the practice of law, and (3) that his or her reinstatement 'would be in the public interest'" (Matter of Jing Tan, 164 AD3d 1515, 1516-1517 [2018], quoting Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]). In light of the length of his suspension, respondent appropriately submitted a duly-sworn affidavit in the form contained in appendix C to the Rules for Attorney Disciplinary Matters (22 NYCRR) part 1240 (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]; see e.g. Matter of Attorneys in Violation of Judiciary Law §468-a [Higashi], 159 AD3d 1260, 1261 [2018]; Matter of Attorneys in Violation of Judiciary Law § 468-a [Hughes-Hardaway], 152 AD3d 951, 952 [2017]). Respondent also provides proof that he successfully completed the Multistate Professional Responsibility Examination in November 2018, satisfying the requirement of Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.16 (b) (compare Matter of Attorneys in Violation of Judiciary Law § 468-a [Castle], 161 AD3d 1443, 1444 [2018]). Thus, we find that respondent has satisfied the procedural requirements for reinstatement applicable to those attorneys who have been suspended for six months or longer.
Further, we are satisfied that he has sufficiently demonstrated his compliance with the order of suspension and the Rules of this Court (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Alimanova], 175 AD3d 1767, 1768 [2019]). Respondent properly attests that he has complied with the order of suspension in all respects and has not practiced law in this state, or in any other jurisdiction, since the entry of the order of suspension, and no party has suggested otherwise in this proceeding (see Rules for Attorney Disciplinary Matters [22 NYCRR] appendix C, ¶¶15, 16). Moreover, we find that respondent has the requisite character and fitness for the practice of law, evidenced by, among other things, his completion of 41½ credit hours of continuing legal education and various character references submitted as a supplement to his application (see generally Matter of Couloute, 175 AD3d 1717, 1718-1719 [2019]). Finally, we find that respondent's reinstatement to the practice of law is in the public's interest (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Serbinowksi], 164 AD3d 1049, 1051 [2018]; Matter of Attorneys in Violation of Judiciary Law § 468-a [Ettelson], 161 AD3d 1478, 1480 [2018]; Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]).
However, we note that, although Office of Court Administration records demonstrate that respondent has cured his past registration delinquency, his certification as retired for the 2017-2018 biennial period was improper and requires comment (see Rules of the Chief Administrator of the Courts [22 NYCRR] § 118.1 [g]). Although an attorney may retroactively certify as retired from practice for past biennial periods, he or she may do so only when he or she can truthfully attest that, during the entirety of the relevant biennial period, "he or she [did] not practice law in any respect and [did] not intend ever to engage in acts that constitute the practice of law" (Rules of the Chief Administrator of the Courts [22 NYCRR] § 118.1 [g]).[FN2] In the event of a change in information submitted during registration, including the certification of retired status, attorneys must file an amended statement within 30 days (see Judiciary Law § 468-a [2]). Here, respondent submitted his application for reinstatement in December 2018, during the 2017-2018 biennial period. Therefore, at that point in time respondent no longer intended to forgo practicing law permanently and, as such, he was required to file an amended statement reflecting that change in information. Accordingly, although we have determined to grant respondent's application for reinstatement, as part of our order, we direct respondent to file an amended statement for the 2017-2018 biennial period within 30 days of the date of this decision reflecting the aforementioned change.
Garry, P.J., Egan Jr., Clark, Aarons and Pritzker, JJ., concur.
ORDERED that respondent's motion for reinstatement is granted in accordance with the findings set forth in this decision; and it is further
ORDERED that respondent is reinstated as an attorney and counselor-at-law in the State of New York, effective immediately.

Footnotes

Footnote 1: Petitioner previously advised that it took no position on the merits of respondent's motion.

Footnote 2: We note that respondent retroactively certified as retired for several biennial registration periods, both preceding and following his suspension; however, there is no suggestion that he did so in order to avoid paying registration fees while continuing to practice law during those periods (see e.g. Matter of Pavliv, 165 AD3d 1580, 1581 n [2018]; Matter of Kahn, 28 AD3d 161, 163-164 [2006]).