Matter of Attorneys in Violation of Judiciary Law § 468-a (Dahan) (2019 NY Slip Op 07840)

Matter of Attorneys in Violation of Judiciary Law 468-a (Dahan)

2019 NY Slip Op 07840

Decided on October 31, 2019

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 31, 2019

PM-183-19

[*1]In the Matter of Attorneys in Violation of Judiciary Law § 468-a. Leslie Ellen Abella Dahan, Also Known as Leslie Ellen Abella, Respondent. (Attorney Registration No. 2736668.)

Calendar Date: October 7, 2019

Before: Garry, P.J., Devine, Aarons and Pritzker, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany, for Attorney Grievance Committee for the Third Judicial Department.
Leslie Ellen Abella, Buffalo Grove, Illinois, respondent pro se.

Respondent was admitted to practice by this Court in 1996 and currently lists a business address in Chicago, Illinois. She was suspended from the practice of law by May 2019 order of this Court for conduct prejudicial to the administration of justice arising from her failure to comply with her attorney registration obligations from 2014 onward (Matter of Attorneys in Violation of Judiciary Law § 468-a, 172 AD3d 1706, 1719 [2019]). Respondent cured her registration delinquency in July 2019 and, accordingly, she now applies for her reinstatement to the practice of law. The Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) has identified various deficiencies in respondent's application but nonetheless defers to the Court's discretion on the merits of the motion.
As part of her application, respondent submits the proper affidavit applicable to attorneys suspended for six months or less (see Rules for Attorney Disciplinary Matters [22 NYCRR] part 1240, appendix D; § 1240.16 [d]). However, respondent's affidavit has several defects that leave us unable to discern certain facts that are necessary to her motion (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Yamamoto], ___ AD3d ___, ___, 107 NYS3d 900, 901 [2019]). Specifically, in two separate numbered paragraphs provided in the appendix D form affidavit, respondent failed to select an appropriate response from among the available alternatives (see id.). Further, while respondent provided the name of her current employer, she failed to identify the nature of that employment, which information is specifically called for by the form affidavit (see Rules for Attorney Disciplinary Matters [22 NYCRR] part 1240, appendix D, ¶ 11).[FN1] Owing to these deficiencies, we cannot conclude that she has met her burden for reinstatement and, accordingly, we deny her motion.
Garry, P.J., Devine, Aarons and Pritzker, JJ., concur.
ORDERED that respondent's motion for reinstatement is denied.

Footnotes

Footnote 1: We note that although respondent has cured her registration delinquency, she has also registered as "retired" for the last three biennial periods. Notably, there is no statute or regulation prohibiting an attorney from retroactively certifying as retired from practice for past biennial periods, so long as he or she can truthfully attest that, during the entirety of the relevant biennial period, "he or she [did] not practice law in any respect and [did] not intend ever to engage in acts that constitute the practice of law" (Rules of the Chief Administrator of the Courts [22 NYCRR] § 118.1 [g]). To this point, an attorney's certification that he or she has refrained from the practice of law extends to each and every jurisdiction beyond this state. Because respondent has not provided the required information concerning the nature of her current position and whether it entails the practice of law, we cannot discern whether her certification as retired was improper (see generally Matter of Giovati, 171 AD3d 214, 217 [2019]). However, we take this opportunity to remind the bar that out-of-state attorneys who continue to practice law in foreign jurisdictions may not register as retired to simply avoid paying registration fees in New York, and that doing so constitutes professional misconduct (see Matter of Pavliv, 165 AD3d 1580, 1581 n [2018]; Matter of Kahn, 28 AD3d 161, 163-164 [2006]).