Matter of Leite-Young (2019 NY Slip Op 53959)





Matter of Leite-Young


2019 NY Slip Op 53959


Decided on November 27, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 27, 2019

PM-210-19

[*1]In the Matter of Robert Captain Leite-Young, a Suspended Attorney. (Attorney Registration No. 4866950.)

Calendar Date: October 21, 2019

Before: Egan Jr., J.P., Lynch, Aarons and Pritzker, JJ.


Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Michael K. Creaser of counsel), for Attorney Grievance Committee for the Third Judicial Department.



Per Curiam.
Respondent was admitted to practice by this Court in 2010 and is also admitted to practice in New Jersey and Pennsylvania. By May 2019 order of this Court, respondent was suspended from the practice of law for engaging in conduct prejudicial to the administration of justice arising from his failure to comply with his attorney registration obligations beginning with the 2012-2013 biennial period (Matter of Attorneys in Violation of Judiciary Law § 468-a, 172 AD3d 1706, 1736 [2019]; see Judiciary Law § 468-a [5]; Rules of Professional Conduct [22 NYCRR 1200.0] rule 8.4 [d]). He remains suspended to date.
In June 2018, the Supreme Court of New Jersey reprimanded respondent on consent following an investigation into alleged misconduct stemming from respondent's representation of his clients in a "forced default" action initiated in the United States District Court for the District of New Jersey against his clients' mortgage lender (Matter of Leite, 233 NJ 460, 186 A3d 281 [2018]). In consenting to his discipline in New Jersey, respondent stipulated that he had failed to file a response to a motion to dismiss his clients' District Court proceeding, which resulted in the dismissal of the matter without prejudice. Respondent stated that he had attempted to terminate the representation by letter to his clients before their matter was dismissed, but conceded that he took no steps to confirm that his clients had received that correspondence, failed to seek leave from the District Court and never sought to advise opposing counsel that he was seeking to withdraw. Respondent also admitted that he essentially ceased all communications with his clients and that he never advised his clients about the motion to dismiss their matter or that their matter had been dismissed. Finally, respondent admitted that, when his clients' mortgage lender later sought to foreclose on his clients' home, he failed to respond to various attempts by his clients to communicate with his office, forcing them to obtain new counsel to handle their matter. Respondent admitted that the foregoing misconduct violated New Jersey Rules of Professional Conduct, rules 1.4 (b) and (c), and 1.16 (c) and (d).
Accordingly, the Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) now moves to impose discipline upon respondent pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 (a) and Rules of the Appellate Division, Third Department (22 NYCRR) § 806.13 (a) and (c) due to his New Jersey misconduct. Respondent has not responded to the motion.
Pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 (c), this Court may discipline an attorney for "misconduct committed in [a] foreign jurisdiction." We find that respondent's misconduct in New Jersey would also violate Rules of Professional Conduct (22 NYCRR 1200.0) rules 1.4 (a) (3) and (4); 1.4 (b); and 1.16 (d) and (e); accordingly, we conclude that respondent should be disciplined in this state for that underlying misconduct (see generally Matter of Couloute, 174 AD3d 1031, 1032 [2019]; Matter of Kaufman, 154 AD3d 1049, 1049 [2017]). Moreover, respondent has not responded to AGC's motion and, consequently, he has waived any of his available defenses (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.13 [b]). We therefore grant AGC's motion, find the misconduct established and turn to the issue of the appropriate disciplinary sanction (see Matter of Rinaldo, 168 AD3d 1212, 1212-1213 [2019]).
In aggravation, we have considered respondent's persistent registration delinquency in this state and his failure to provide this Court or AGC with notice of his discipline in New Jersey, which altogether demonstrate his lack of interest in his New York law license (see Matter of Walker, 175 AD3d 1667, 1668 [2019]; see also Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.13 [d]). However, in mitigation, we take note of the factors that were considered by the New Jersey disciplinary authorities, including respondent's relative inexperience at the time of his misconduct and his lack of a disciplinary history (see ABA Standards for Imposing Lawyer Sanctions §§ 9.32 [a], [f]). Moreover, we note his cooperation with disciplinary authorities in New Jersey and that he ultimately consented to the imposition of discipline in that state. Accordingly, having considered the totality of the circumstances before us, including those factors in aggravation and mitigation, together with the nature of respondent's misconduct, we find that a censure is appropriate "in order to protect the public, maintain the honor and integrity of the profession and deter others from committing similar misconduct" (Matter of Rinaldo, 168 AD3d at 1213; accord Matter of Kaufman, 154 AD3d at 1050).
Egan Jr., J.P., Lynch, Aarons and Pritzker, JJ., concur.
ORDERED that the motion of the Attorney Grievance Committee for the Third Judicial Department is granted; and it is further
ORDERED that respondent is censured.