Matter of Attorneys in Violation of Judiciary Law § 468-a. (Cox) (2020 NY Slip Op 06194)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

Matter of Attorneys in Violation of Judiciary Law  468-a. (Cox)

2020 NY Slip Op 06194

Decided on October 29, 2020

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 29, 2020

PM-143-20

[*1]In the Matter of Attorneys in Violation of Judiciary Law § 468-a. Attorney Grievance Committee for the Third Judicial Department, Petitioner; Dawn Caresse Cox, Respondent. (Attorney Registration No. 2929925.)

Calendar Date: September 21, 2020
Before: Clark, J.P., Mulvey, Pritzker, Reynolds Fitzgerald and Colangelo, JJ.


Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany, for Attorney Grievance Committee for the Third Judicial Department.
Dawn Caresse Cox, San Francisco, California, respondent pro se.

Per Curiam.
Respondent was admitted to practice by this Court in 1999and presently resides in California, where she is employed with the federal government. She is not admitted to practice in any other court or jurisdiction. Respondent was suspended from the practice of law by May 2019 order of this Court for conduct prejudicial to the administration of justice arising from her failure to comply with her attorney registration obligations beginning in 2015 (Matter of Attorneys in Violation of Judiciary Law § 468-a, 172 AD3d 1706, 1718 [2019]; see Judiciary Law § 468-a [5]; Rules of Professional Conduct [22 NYCRR 1200.0] rule 8.4 [d]). She cured her registration delinquency in November 2019 and now applies for reinstatement. The Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC), although noting certain deficiencies in respondent's application, defers to this Court's discretion on her reinstatement. In response to AGC's concerns, respondent submitted additional documentation.[FN1]
In addition to certain procedural requirements, "[a]ll attorneys seeking reinstatement from suspension must establish, by clear and convincing evidence, that (1) he or she has complied with the order of suspension and the Rules of this Court, (2) he or she has the requisite character and fitness for the practice of law, and (3) it would be in the public's interest to reinstate the attorney to practice in New York" (Matter of Attorneys in Violation of Judiciary Law § 468-a [Nenninger], 180 AD3d 1317, 1317-1318 [2020]). Given the length of her suspension for a period greater than six months, respondent has appropriately submitted a duly-sworn form affidavit as is provided in appendix C to the Rules for Attorney Disciplinary Matters (22 NYCRR) part 1240 (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]; compare Matter of Attorneys in Violation of Judiciary Law § 468-a [Hughes-Hardaway], 152 AD3d 951, 952 [2017]), as well as proof of her passage of the Multistate Professional Responsibility Exam in March 2020 (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]). Further, as part of her application, respondent attaches this Court's May 2019 order of suspension. Office of Court Administration records demonstrate that respondent is now current in her registration requirements and has cured the registration delinquency that led to her suspension.
As to respondent's compliance with the order of suspension and rules governing suspended attorneys, respondent avers that she has not engaged in the practice of law in this state or any other jurisdiction since her admission and, in fact, she submits proof of her uninterrupted career in the federal government in nonlegal titles. Although she initially did not submit her tax returns from the relevant time period in conjunction with her application, she subsequently submitted such records in reply to AGC's concerns. Respondent's tax records are consistent with her reported employment history and indicate that she did not derive income from any activities in this state following her suspension.
The record reflects, however, that respondent failed to timely file the required affidavit of compliance following the order of suspension (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15 [f]; Rules for Attorney Disciplinary Matters [22 NYCRR] part 1240, appendix C, ¶ 21). Nevertheless, we find that her statements included in her appendix C affidavit have cured this defect. In this regard, respondent attests that she has complied with all aspects of the order of suspension and has not practiced law in this state, advertised for or accepted legal work in this state or had any client property or money to distribute at the time of her suspension (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15 [c]; Rules for Attorney Disciplinary Matters [22 NYCRR] part 1240, appendix C; Matter of Attorneys in Violation of Judiciary Law § 468-a [Alimanova], 175 AD3d 1767, 1768 [2019]). We thus find that respondent has established by clear and convincing evidence her compliance with the order of suspension and the rules governing the conduct of suspended attorneys, including the prohibition on her practice of law in this state during her suspension (see Matter of Attorneys in Violation of Judiciary Law § 468-a
[Hui-Ju Wang], 183 AD3d 1225, 1227 [2020]; Matter of Attorneys in Violation of Judiciary Law § 468-a [Nenninger], 180 AD3d at 1317-1318; see also Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15).
As to respondent's admission that she has not completed any credit hours of continuing legal education since her suspension, "attorneys who do not practice law in New York" are exempt from this state's continuing legal education requirements (Rules of App Div, All Depts [22 NYCRR] § 1500.5 [b] [1]). We nevertheless note that, according to respondent's affidavit, her employment with the federal government requires her to attend training that includes legal and ethics training.
As to the waiver of respondent's registration fees for the 2015-2016 through 2019-2020 biennial periods, such waiver indicates that she self-certified as retired for those periods (see Judiciary Law § 468-a [4]). An attorney is considered retired from the practice of law for purposes of waiving the biennial registration fee when, "other than the performance of legal services without compensation, he or she does not practice law in any respect and does not intend ever to engage in acts that constitute the practice of law" (Rules of Chief Admin of Cts [22 NYCRR] § 118.1 [g]). The practice of law includes "the giving of legal advice or counsel to, or providing legal representation for, a particular body or individual in a particular situation in either the public or private sector in the State of New York or elsewhere" (Rules of Chief Admin of Cts [22 NYCRR] § 118.1 [g]; see Judiciary Law § 468-a [4]). In this regard, respondent asserts that she has never practiced law in this state or elsewhere since her admission, her employment history indicates that she has never held an attorney title with the federal government and there is no indication in her application that she intends to practice law now or in the future in this state or in any other jurisdiction. We thus find that respondent's statements and submissions are consistent with her assertion of retired status (compare Matter of Kahn, 28 AD3d 161, 163-164 [2006]).
Turning to her character and fitness, respondent attests to having no criminal history or any disciplinary history, other than the underlying suspension, in this or any other jurisdiction (see Rules for Attorney Disciplinary Matters [22 NYCRR] part 1240, appendix C, ¶¶ 14, 30), and there is no indication of any governmental investigations, financial circumstances or medical or substance abuse history that would militate against her reinstatement (see Rules for Attorney Disciplinary Matters [22 NYCRR] part 1240, appendix C, ¶¶ 23-25, 31-32). As to her failure to register for several biennial periods, respondent cites her similar failure to timely update her contact information with OCA as the main contributing factor for her lapse in registrations and she further affirms her commitment to timely apprise OCA of any updates in this regard in the future. In view of her application, and given the nature of the underlying conduct leading to her suspension, we find that respondent's reinstatement to the practice of law would be in the public's interest and that no detriment would arise as a result (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Thompson], 185 AD3d 1379, 1381 [2020]).
Clark, J.P., Mulvey, Pritzker, Reynolds Fitzgerald and Colangelo, JJ., concur.
ORDERED that respondent's motion for reinstatement is granted; and it is further
ORDERED that respondent is reinstated as an attorney and counselor-at-law in the State of New York, effective immediately.
Footnotes

Footnote 1: The Lawyers' Fund for Client Protection has advised that there are no open claims against respondent and that it defers to this Court's discretion on respondent's application.