Matter of Matemu (2021 NY Slip Op 05009)





Matter of Matemu


2021 NY Slip Op 05009


Decided on September 16, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:September 16, 2021

PM-123-21
[*1]In the Matter of Japheth Nthautha Matemu, a Suspended Attorney. (Attorney Registration No. 4607313.)

Calendar Date:May 24, 2021

Before:Egan Jr., J.P., Lynch, Aarons, Pritzker and Reynolds Fitzgerald, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Alison M. Coan of counsel), for Attorney Grievance Committee for the Third Judicial Department.
Dreyer Boyajian LLP, Albany (William J. Dreyer of counsel), for respondent.



Per Curiam.
Respondent was admitted to practice by this Court in 2008 and resides in North Carolina, where he most recently practiced federal immigration law on the strength of his New York license.[FN1] In February 2020, respondent was publicly reprimanded by the Standing Panel on Attorney Discipline for the Fourth Circuit Court of Appeals based upon, among other things, his deficient representation of an immigration client before the United States Court of Appeals for the Fourth Circuit. Notably, the Standing Panel concluded that respondent failed to provide competent representation and did not act with reasonable diligence in violation of Rules of Professional Conduct (22 NYCRR 1200.0) rules 1.1 (a) and 1.3 (a), as well as violating North Carolina's Local Rule of the Fourth Circuit 46 (g) (1) (d).
The Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) now moves, by order to show cause with an adjourned date of May 24, 2021, to impose discipline upon respondent pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 (a) and Rules of the Appellate Division, Third Department (22 NYCRR) § 806.13 based upon his established professional misconduct in North Carolina. Respondent has submitted papers in opposition and AGC has submitted a reply with leave of the Court. Inasmuch as respondent presents factors in mitigation but does not contest any of the findings of misconduct or raise any of the available defenses (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.13 [b]), we grant the motion (see Matter of Tan, 149 AD3d 1344, 1345 [2017]).
Turning to the issue of the appropriate disciplinary sanction, we take note of the nature of respondent's sustained misconduct in the course of his immigration practice in North Carolina, which the Fourth Circuit concluded was properly addressed by a public reprimand (see generally ABA Standards for Imposing Lawyer Sanctions standards 4.43, 4.53). We have also considered respondent's arguments in mitigation and AGC's opposing submission in aggravation detailing, among other things, respondent's current suspension from practice and his significant past private disciplinary history, which includes a prior reprimand in North Carolina and three letters of admonition in this state. Accordingly, in order to protect the public, maintain the honor and integrity of the profession and deter others from committing similar misconduct, we find that, under the circumstances, respondent should be censured (see e.g. Matter of Winograd, 184 AD3d 1073, 1075 [2020]; Matter of Loigman, 153 AD3d 1091, 1092 [2017]; Matter of Laser, 131 AD3d 1336, 1337 [2015]; Matter of Musafiri, 127 AD3d 1405 [2015]).
Furthermore, in light of concerns raised in the recent disciplinary proceedings stemming from respondent's North Carolina immigration practice as to his knowledge and ethics regarding preparation, courtesy, competence, diligence and court practice, we also direct that respondent submit documentation [*2]to AGC, within one calendar year of the date of this decision, establishing that he has taken and passed the Multistate Professional Responsibility Examination within that time period and that he has completed 12 credit hours of accredited continuing legal education in ethics and professionalism (see Matter of Alexandrovich, 174 AD3d 1034, 1036 [2019]; Matter of Musafiri, 127 AD3d at 1407; see also Matter of Mann, 157 AD3d 1160, 1162 [2018], appeal dismissed 31 NY3d 1037 [2018], lv denied 32 NY3d 948 [2018]).[FN2]
Egan Jr., J.P., Lynch, Aarons, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the motion of the Attorney Grievance Committee for the Third Judicial Department is granted; and it is
ORDERED that respondent is censured; and it is further
ORDERED that respondent is directed to comply with all terms and conditions set forth in this Court's decision.



Footnotes

Footnote 1: By June 2021 order, this Court disposed of a petition of charges and suspended respondent from the practice of law in this state for a six-month period upon the parties' joint motion for the imposition of discipline by consent (Matter of Matemu, 195 AD3d 1368 [2021]; see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.8 [a] [5]). Contrary to respondent's argument, said motion was not required to be joined with the subject motion pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13, which addresses respondent's separate misconduct in North Carolina.

Footnote 2: This Court is mindful that, as an attorney practicing out of state, respondent is presently exempt from the continuing legal education credits otherwise required of all attorneys in this state (see Rules of App Div, All Depts [22 NYCRR] §§ 1500.5 [b] [1]; 1500.22 [a], [n]).