Matter of Cruikshank (2026 NY Slip Op 00650)

Matter of Cruikshank

2026 NY Slip Op 00650

Decided on February 11, 2026

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 11, 2026

PM-30-26
[*1]In the Matter of Allan Baldwin Cruikshank Jr., an Attorney. (Attorney Registration No. 2980969.)

Calendar Date:October 27, 2025

Before:Garry, P.J., Aarons, Ceresia, McShan and Mackey, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Cassidy V. Milam of counsel), for Attorney Grievance Committee for the Third Judicial Department.
Allan Baldwin Cruikshank Jr., Plattsburgh, respondent pro se.

Per Curiam.
Respondent was admitted to practice by this Court in 1999 and currently practices as a principal at a small firm in the City of Plattsburgh, Clinton County. Respondent's admission to practice before the US Court of Appeals for the Second Circuit expired in January 2022 and, in March 2024, the Second Circuit barred respondent from seeking readmission until he responded to the inquiries of the Second Circuit's Grievance Panel in connection with the Panel's investigation of respondent's representation of a criminal client before the Second Circuit. We later censured respondent, upon a motion of the Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC), as a consequence of his misconduct before the Second Circuit (230 AD3d 901 [3d Dept 2024]). Respondent has since been publicly reprimanded by the Second Circuit based upon his deficient representation of the same criminal client before that Court, with respondent admitting to that Court that he failed to effectively and timely prosecute the criminal appeal, among other conduct. AGC now therefore moves to impose discipline upon respondent in this state due to the latest finding of misconduct by the Second Circuit (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.13; Rules of App Div, 3d Dept [22 NYCRR] § 806.13). Respondent does not dispute the factual allegations of AGC's motion, but opposes the imposition of any further discipline. Based on respondent's initial submission in response to AGC's motion, we directed him to provide additional information, which he has submitted by supplemental affirmation.
"Upon application by AGC containing proof that an attorney has been disciplined by a foreign jurisdiction, we shall direct that the attorney demonstrate why discipline should not be imposed in New York for the underlying misconduct. In response to AGC's application, the attorney may assert any of the three defenses as provided for in Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 (b)" (Matter of Beckett, 241 AD3d 1034, 1034-1035 [3d Dept 2025] [internal quotation marks and citations omitted]). AGC avers that respondent's admissions before the Second Circuit that he failed to effectively and timely pursue the criminal appeal constitute proof that he neglected the appeal (see Rules of Prof Conduct [22 NYCRR 1200.0] rule 1.3 [b]) and his admissions that he failed to respond to the directives of the Second Circuit likewise constitute conduct prejudicial to the administration of justice (see Rules of Prof Conduct [22 NYCRR 1200.0] rule 8.4 [d]). While respondent does not dispute any of the factual allegations in AGC's motion or otherwise raise any of the defenses as provided for in Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 (b), we note that, in censuring respondent in August 2024, we concluded that the Second Circuit's order barring respondent from seeking readmission was "a direct result and consequence of his failure to timely comply with [*2]the Grievance Panel's September 2022 directive" and accordingly constituted a violation of Rules of Professional Conduct (22 NYCRR 1200.0) rule 8.4 (d) (230 AD3d at 903). The record reveals that, at the time respondent submitted his response to the Grievance Panel's order, there were no additional allegations that respondent had failed to respond to the Second Circuit as he had failed to do previously. Accordingly, we deny AGC's motion to the extent that it seeks the imposition of discipline based on respondent's admissions that he failed to respond to the directives of the Second Circuit (see Rules of Prof Conduct [22 NYCRR 1200.0] rule 8.4 [d]), as we have already disciplined respondent for this conduct in our August 2024 order of censure.
Notwithstanding this conclusion, the Second Circuit's order publicly reprimanding respondent details his own admission that he failed to effectively and timely prosecute the criminal appeal, which failure constitutes client neglect in New York (see Rules of Prof Conduct [22 NYCRR 1200] rule 1.3 [b]) and is misconduct that has routinely resulted in discipline in this state (see e.g. Matter of D'Amico, 166 AD3d 1375 [3d Dept 2018]; Matter of Bailey, 145 AD3d 1182 [3d Dept 2016]; see also Matter of Joffe, 158 AD3d 11 [1st Dept 2018]). Accordingly, we grant AGC's motion, find respondent's misconduct established as to his neglect of the criminal appeal and turn to consideration of the appropriate penalty (see Matter of Shedlick, 234 AD3d 1101, 1102-1103 [3d Dept 2025]).
In aggravation, AGC cites several of the aggravating factors also noted by the Second Circuit's public reprimand of respondent, including his substantial years of experience as an attorney, his disciplinary history demonstrating a pattern of similar conduct that he continues to engage in and the fact that his conduct delayed resolution of his client's criminal appeal and the subsequent disciplinary proceeding, resulting in unnecessary expense of time and court resources (see ABA Standards for Imposing Lawyer Sanctions standard 9.22 [a], [c], [i]). We also take notice of the Second Circuit's public reprimand of respondent, wherein that Court explicitly concluded that respondent's conduct as to the criminal appeal "likely would have warranted a suspension had he been a member of [that] Court's bar," and likewise found unavailing his vague references to personal "stressors," chiefly because respondent failed to describe when these stressors occurred in relation to the criminal appeal or how they contributed to his misconduct.
As he did before the Second Circuit, respondent, in presenting mitigating factors to this Court, admits that he struggles with managing his caseload, as well as with the "mental and emotional stressors" of his work as an attorney (see ABA Standards for Imposing Lawyer Sanctions standard 9.32 [c]). Accordingly, we directed respondent to provide specific information concerning his efforts to address these self-identified challenges[*3]. Respondent has provided such information in his supplemental affirmation, wherein he references his efforts to ensure proper calendaring of all court appearances, to maintain regular contact with his clients and to reduce the number of cases he is managing at any given time, among other efforts (see ABA Standards for Imposing Lawyer Sanctions standard 9.32 [d]). Additionally, respondent expresses remorse for his conduct, noting that he takes his obligations to cooperate with AGC very seriously and that he has represented many clients over the years — both in federal and state court matters — and that the majority have been competently represented and satisfied with the results (see ABA Standards for Imposing Lawyer Sanctions standard 9.32 [e], [g], [k], [l]). Given these facts, particularly the assertions made by respondent in his supplemental affirmation, and in order to protect the public, maintain the honor and integrity of the profession and deter others from engaging in similar misconduct, we censure respondent (see e.g. Matter of Matemu, 197 AD3d 1433 [3d Dept 2021]; Matter of Rudrakumaran, 113 AD3d 107 [1st Dept 2013]).
Garry, P.J., Aarons, Ceresia, McShan and Mackey, JJ., concur.
ORDERED that the motion of the Attorney Grievance Committee for the Third Judicial Department is granted in part and denied in part, in accordance with this decision; and it is further
ORDERED that respondent is censured.